UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TIMOTHY SOLEK,
   *Plaintiff*,

   v.              No. 3:16-cv-947 (JAM)

DR. NAQVI, *et al.*,
   *Defendants*.

## INITIAL REVIEW ORDER RE AMENDED COMPLAINT

   Plaintiff Timothy Solek is a prisoner in the custody of the Connecticut Department of Correction. On June 16, 2016, plaintiff filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983. On November 28, 2016, I dismissed all of plaintiff's claims pursuant to 28 U.S.C. § 1915A, except his claim against defendant Dr. Naqvi for deliberate indifference to a serious medical need. The dismissal was without prejudice to filing an amended complaint repleading some of the dismissed claims. Plaintiff filed an amended complaint on December 12, 2016. For the reasons set forth below, I conclude that the amended complaint contains a cognizable claim against defendant Danek for excessive force. This claim will be allowed to proceed, along with the deliberate indifference claim against Dr. Naqvi. The remainder of plaintiff's claims are dismissed pursuant to 28 U.S.C. § 1915A.

### BACKGROUND

   In the amended complaint, plaintiff names seven defendants: Dr. Naqvi, Lieutenant Danek, M.P. Terp, Correctional Treatment Officer Massoia, A.P.R.N. Cynthia L'Heureux, Disciplinary Hearing Officer Lieutenant Richardson, and Warden Carol Chapdelaine. Defendants Naqvi, Danek, Massoia, and L'Heureux are named in their individual capacities. Defendants Terp, Richardson, and Chapdelaine are named in their individual and official

capacities.

The following allegations from plaintiff's amended complaint are accepted as true for purposes of the Court's initial review. On June 24, 2014, defendant Danek responded to a fight between plaintiff and his cellmate. When defendant Danek arrived, plaintiff was lying face down on the floor with his hands cuffed behind his back. Correctional Officer Rivenburgh had deployed a chemical agent before defendant Danek arrived. Doc. #18 at 5. Although plaintiff had been secured and was not resisting, defendant Danek rushed into the cell, told plaintiff to stop resisting, and sprayed a chemical agent into the cuts on plaintiff's face. *Id*. at 7.

Correctional Officer Canfield arrived at the cell at 4:42 p.m. and video recorded plaintiff's escort to the medical unit to have his injuries treated. The recording included plaintiff's strip search and placement on suicide watch. Defendant Danek directed that the recording stop at 5:05 p.m. While being escorted to the medical unit, plaintiff told defendant Danek that his cellmate had hit him in the left eye with a sock filled with batteries. *Ibid*.

Nurse Doe cleaned and treated the cuts on plaintiff's face and called the doctor. Dr. Naqvi prescribed an ice pack and neurological checks every four hours for twenty-four hours; he did not order an x-ray, MRI, or other additional treatment. On June 26, 2014, plaintiff was moved from suicide watch in the medical unit to segregation, where he remained until July 3, 2014. Plaintiff was then transferred to Corrigan Correctional Institution. During plaintiff's time in the medical unit and segregation, Dr. Naqvi provided no additional treatment for plaintiff's injuries. *Id.* at 8.

On July 26, 2014, Nurse Walters noticed a hard nodule above plaintiff's left eye. *Id.* at 10. On July 30, 2014, defendant L'Heureux determined that the nodule was a cyst; she ordered x-rays and prescribed Motrin for pain. The x-rays showed no left orbital rim fracture but did not

2

indicate the composition of the nodule. *Id.* at 11. The nodule is believed to be a calcium deposit caused when defendant Danek sprayed the chemical agent into an open cut. *Id*. at 8.

Plaintiff received a disciplinary report for fighting, to which he pled not guilty. Plaintiff selected defendant Massoia as his advocate. Defendant Massoia took plaintiff's statement and said he would speak with plaintiff after he reviewed the evidence. He did not do so. At the disciplinary hearing, plaintiff complained that defendant Massoia failed to perform his duties as advocate. Defendant Richardson appointed a substitute advocate but denied a continuance. Plaintiff was found guilty because he presented no evidence at the hearing. The guilty finding was upheld on appeal. *Id.* at 8–9.

Plaintiff filed a grievance against Dr. Naqvi and two nurses for failing to treat his eye. Defendant Terp, who is not a Health Services Administrator, reviewed the grievance. Defendant Terp stated that the Department of Correction would not acknowledge any failure of medical care provided at a different correctional facility and would not order an MRI because the test would be of a low diagnostic value. *Id.* at 11. On October 20, 2014, defendant L'Heureux informed plaintiff that the Utilization Review Committee had denied further treatment. *Id.* at 12.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless its factual recitations state a claim to relief that is plausible on its face. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (same). Nevertheless, it is well-established that "pro se complaints

'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

The Court construes plaintiff's amended complaint to assert four claims: use of excessive force by defendant Danek; deliberate indifference to a serious medical need by defendant Dr. Naqvi; denial of due process by defendants Richardson, Chapdelaine, and L'Heureux in connection with the disciplinary hearing; and denial of due process by defendants Terp and Massoia in connection with the handling of plaintiff's grievances. For the reasons explained in my prior Initial Review Order (Doc. #14), the claim against Dr. Naqvi will be allowed to proceed. Plaintiff's other three claims are analyzed below.

### *Excessive Force*

Plaintiff alleges that defendant Danek used excessive force against him by deploying a chemical agent into plaintiff's open facial wounds after plaintiff had been handcuffed and subdued. The use of excessive force against a prisoner may constitute cruel and unusual punishment in violation of the Eighth Amendment. *See Hudson v. MacMillian*, 503 U.S. 1, 4 (1992); *accord Wilkins v. Gaddy*, 559 U.S. 34, 34, 36 (2010) (*per curiam*). The "core judicial inquiry" is not "whether a certain quantum of injury was sustained but rather whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins*, 559 U.S. at 37 (quoting *Hudson*, 503 U.S. at 7).

Plaintiff alleges that defendant Danek sprayed the chemical agent after plaintiff was handcuffed and when he was not resisting. This suggests that the force was not applied to maintain or restore discipline. Plaintiff's allegations are sufficient to state a plausible claim for

4

use of excessive force against defendant Danek. *See, e.g.*, *Tracy*, 623 F.3d at 98 (concluding that "a reasonable juror could find that the use of pepper spray deployed mere inches away from the face of a defendant already in handcuffs and offering no further active resistance constituted an unreasonable use of force").

### *Denial of Due Process*

In connection with the disciplinary hearing, plaintiff contends that he was denied due process when defendant Massoia failed to provide effective assistance of an advocate, defendant Richardson denied a continuance, and defendant Chapdelaine denied his appeal. To state a claim for denial of due process in connection with a prison disciplinary hearing, a plaintiff must show that he had a protected liberty interest and that he was denied that interest without being afforded due process of law. A plaintiff has a protected liberty interest only if the state has created a liberty interest in a statute or regulation, and deprivation of that interest has cause him to suffer an "atypical and significant hardship in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). To make this determination, the Court must examine the actual punishment received. *See Palmer v. Richards*, 364 F.3d 60, 64 (2d Cir. 2004). The Court considers both the conditions and duration of the punishment. *Id.*

The Court dismissed plaintiff's due process claims in the original complaint because plaintiff had not indicated what punishment he received and, therefore, the Court was unable to determine whether plaintiff suffered an atypical and significant hardship. The Court permitted plaintiff to amend this claim provided he could allege facts showing that he suffered an atypical and significant hardship, as well as the other elements for a due process claim in connection with a prison disciplinary hearing. *See* Doc. #14 at 6.

The incident report attached to plaintiff's amended complaint indicates that he received a

punishment of 10 days of punitive segregation, 30 days loss of recreation, 60 days loss of phone, and 10 days forfeiture of risk reduction earned credit. *See* Doc. #18-1 at 22. These sanctions do not constitute an atypical and significant hardship. *See Sandin*, 515 U.S. at 485–86 (30 days of confinement in restrictive housing unit did not implicate constitutional liberty interest); *Lewis v. Sieminski*, 2010 WL 3827991, at *6 (D. Conn. 2010) (noting that decisions in the Second Circuit are unanimous that segregated housing unit confinement of 30 days or less is not "atypical or significant hardship" under *Sandin*); *Hunnicutt v. Kitt*, 2012 WL 1247268, at *5 (D. Conn. 2012) (no atypical and significant hardship where plaintiff received, on each of three disciplinary charges, 15 days of punitive segregation followed by 90 days loss of phone and commissary privileges). Because plaintiff's punishment does not constitute an atypical and significant hardship, plaintiff's due process claims relating to the disciplinary hearing are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Plaintiff also asserts due process claims against defendants Terp and L'Heureux, alleging that the denial and improper handling of his grievances violated his right to due process. "It is well-established that inmate grievance programs created by state law are not required by the Constitution and consequently allegations that prison officials violated those procedures does not give rise to a cognizable § 1983 claim." *Brown v. Semple*, 2016 WL 4408985, at *4 (D. Conn. 2016). In addition, "prisoners do not have a due process right to a thorough investigation of grievances." *Ibid.* Accordingly, plaintiff's due process claims against defendants Terp and L'Heureux are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## CONCLUSION

In accordance with the foregoing analysis, the Court enters the following orders:

(1)  The due process claims against defendants Massoia, Richardson, Chapdelaine,

Terp, and L'Heureux are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The case will proceed on the claims for deliberate indifference against defendant Naqvi and for use of excessive force against defendant Danek.

(2) **The Clerk shall** verify the current work address of defendant Danek with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to him at the confirmed address within **twenty-one (21) days** of this Order, and report to the Court on the status of the waiver request on the thirty-fifth (35) day after mailing. If the defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity, and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) **The Clerk shall** send a courtesy copy of the Amended Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4) The defendants shall file their response to the Amended Complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date of the summons. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this Order. Discovery requests need not be filed with the court.

(6) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this Order.

(7)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8)     If plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. Plaintiff should also notify the defendant or the attorney for the defendant of his new address.

(9)     Plaintiff shall utilize the Prisoner Efiling Program when filing documents in this case.

It is so ordered.

Dated at New Haven this 23d day of December 2016.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge